HARLAN K. BOLTON, THEODORE W. SMITH AS TRUSTEES UNDER THE
LAST WILL AND TESTAMENT OF JAMES BOLTON, DECEASED,
AND MARY LOUISE SMITH

*v.*

STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

INHERITANCE TAX—*when refund will not be made.* Where an inherit-
ance tax is assessed by the County Judge and paid by the executors, but no
appeal is taken from the order of the County Judge fixing the tax, the
claimant is not entitled to an award.

COURT OF CLAIMS—*not a Court of review.* The Court of Claims has no
power or authority to review an order of the County Judge, and in order to
obtain a review of such order it is essential that claimant should follow
the plain provisions of the statute provided therefor.

Edward J. Brundage, Attorney General, for State.

Claimants, Harlan K. Bolton and Theodore W. Smith as Trustees
under the last will and testament of James Bolton, deceased, and Mary
Louise Smith, ask for a refund of inheritance tax, etc.

The facts submitted are by stipulation and no other evidence
introduced.

It is stipulated that James Bolton died a resident of Naperville,
Du Page County, Illinois, January 25th, 1917, that his will was duly
probated and a copy attached to the stipulation.

That thereafter pursuant to proper proceedings the County Judge
of said county entered an order fixing the inheritance tax in the estate
of James Bolton, deceased.

That said James Bolton died leaving him surviving Harlan K.
Bolton and Mary Louise Smith, his children and only heirs at law,
and Bolton Kent Smith, Wilber C. Smith and Theodosia Smith, his
grandchildren, all of whom are minors.

That said Bolton Kent Smith was born Oct. 29th, 1904, Wilber
C. Smith born June 16th, 1907, and Theodosia Smith born Feb. 25th,
1909.

That on the 23rd day of February, A. D. 1917, the executor paid
to the County Treasurer $6,839.10 inheritance tax, same being amount
entered by the County Judge, less 5% discount for payment within
the six months after death of deceased, but paid under protest.

$30,000.00 was bequeathed to the said three grandchildren named
in will.

Petitioners seek in this proceeding to recover back $570.00 paid
as inheritance tax on the said $30,000.00 so bequeathed to the said grand
children under the 6th and 7th clauses of the will.

During the course of the administration of said estate the claimants, desirable the will construed as to that part disposing of the said $30,000 to the grandchildren, filed their bill in the Circuit Court of said county for such purpose and procured a decree of the Circuit Court construing parts 6 and 7. That the decree was to the effect, as contended by counsel for claimants that the $30,000.00 mentioned aforesaid was upon the death of the testator, James Bolton, deceased. Vested in said grandchildren. The State of Illinois was not made party to the last named proceedings.

Paragraph 7 of the will provides:

"It is my will and I hereby direct that the estate hertofore given in this will to my grandchildren shall not be distributed to them or turned over to them until they arrive at the age of twenty-one years, respectively, and that when any one of said grandchildren shall reach the age of 21 years, then his or her share shall be turned over to him or her by my said trustees."

The County Judge entered an order assessing the inheritance tax on all the assessable property of said deceased, including the $30,000 so bequeathed to said three grandchildren under section 25, of statute, as admitted.

Section 11 of the inheritance tax law provides in part that: Any persons, including the Attorney General dissatisfied with the appraisement, or assessment may appeal therefrom to the County Court of the proper county within sixty days after the making and filing of such assessment order and paying or giving the County Judge security satisfactory to pay all costs, together with whatever taxes shall be fixed by the Court."

No appeal was ever taken from the order fixing the assessment.

The decree of the Circuit Court did not in any way reverse or modify the County Judges order of assessment; nor did it pretend to do so. Nor did complainants after nor before such decree ever take an appeal from such order of County Judge or seek to have same modified.

The Court cannot review the order of the County Judge. The Statute in question provides for the manner of reviewing such orders of the County Judge, and it is essential and necessary that any one desiring a refund of inheritance taxes claimed to have been erroneously paid must first have the tax declared erroneous by some Court of this State, in accordance with the inheritance tax law; and inasmuch as claimants in this case have wholly neglected to take the steps provided by law we are compelled to dismiss this claim; but without prejudice to any legal rights which may accrue to these grandchildren, upon them reaching the age of twenty-one years respectively, should such age be attained by them respectively. See *Susan Webster Dodge and Ralph Ensign, Executors, etc.,* v. *The State of Illinois,* 2 C. of C. P. 175, and 12 cases immediately and successively following the above cited case.

It is unnecessary for us to go further into the discussion of the case.

For reasons above stated claim is dismissed without prejudice.